IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID A. LOMBARD,

    Defendant.

4:18CR3032

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney and Lesley A. Woods, Assistant United States Attorney, and defendant, DAVID A. LOMBARD, and Chad Wythers, counsel for defendant, as follows:

## I
## THE PLEA

A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count II of the Indictment. Count II charges a violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2). The parties agree the property to be forfeited is any property seized over the course of this investigation that contains any material involving the sexual exploitation of children.

B.   In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

    1.   The United States will move to dismiss Count I at the time of sentencing.

    2.   The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for crimes involving the sexual exploitation of minors as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

## II
## **NATURE OF THE OFFENSE**

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. From on or about April 1, 2013 to on or about March 5, 2015, in the District of Nebraska and elsewhere, the defendant knowingly possessed or accessed with intent to view one or more items that were visual depictions of child pornography;
2. That the defendant knew that the visual depictions were of a minor engaging in sexually explicit conduct; and
3. That the material containing the visual depictions had been mailed, shipped, or transported by any means and facility of interstate or foreign commerce, including by computer.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. This investigation began when HSI Omaha received information that the user of an online identity of "sirthumper," was distributing images of young female minors online that were matches for images used at a web site whose purpose is to attract users with a shared interest in child pornography. HSI through an undercover operation that involved online conversations with the defendant, as well as a review of the defendant's most frequented web sites connected the defendant to the sirthumper user name, as well as to a second Yahoo id, "gloryjolly."
2. The defendant told the undercover agent whom the defendant was speaking with online that he like exposing "coworkers lil daughters," to "pervs" online and to making those children the "subject of all sorts of depraved fantasies." The defendant was also a prolific writer of abduction and rape fantasy stories of female minors, and the government would have offered this evidence at trial to

2

show his intent to possess visual depictions of the sexual exploitation of minors. Some of these postings were done with the "gloryjolly," user id, and subpoena returns for the associated Internet Protocol address for that id returned to the defendant's real name and residential address, as well as to the defendant's yahoo email account that was created using a close version of his real name.

3. Following the undercover online communications with a special agent, agents approached the defendant at his place of work and asked if they could speak with him on March 5, 2015. The defendant agreed to an interview at his personal residence. During the consensual interview, agents confronted Lombard with the knowledge that he was posting photos of his co-workers daughters on the internet, and Lombard responded to that with the statement that he was, "just a pervert." When asked if he had viewed child pornography on his computer, Lombard replied, "I may have had child pornography sent to me in a link, and I may have opened it." Lombard focused in the age of those children as preteen, not yet a teenager, and he stated he could just tell they looked young. Lombard admitted that he was posting on "rape boards."

4. During this consensual interview, the defendant provided the agents with several devices to include the following: three thumb drive electronic storage devices, one electronic tablet and one Compaq desktop computer. Agents also obtained a search warrant for the devices. Pursuant to that warrant, a forensic analyst located materials on the defendant's devices that contained visual depictions of minors engaging in sexually explicit conduct. The defendant possessed these devices in the District of Nebraska.

5. Several file names stood out to the forensic analyst, including these files found on the defendant devices, that included "father tells his 5yrold daughter she can have a friend sleep over then drugs her 5yr old friend and rapes her_PTHC.mpg" and several other file names with female names and ages 8, 9, 10, and 12 associated with the girls name. Another file name describes multiple sex acts with a 12 year old Russian girl. There 9 images of child pornography recovered from the desktop computer, which was manufactured from parts that were shipped, transported and shipped in interstate and foreign commerce. These files were

3

      found in a directory with the name "Dave," who was also the user account associated with the "Owner," account for the computer. The defendant lived alone at the time of the interview and seizure of the devices.

6. The forensics analyst located 104 images of child pornography on the devices in unallocated space and seven morphed image files that included adult pornography with an adult male penis in the image with someone adding the face of a minor child to the pornographic image to make the child the focus of the pornographic activity in the image. Agents identified some of these minors as children residing in the State of Nebraska and children of the defendant's coworkers.

7. On another device the forensic analyst found fifty-four more morphed images, some included the face of the children added to a photo of a male penis and with what appears to be semen depicted in the photo.

8. The forensic analyst examined the web history records and found evidence of the defendant's association with the sirthumper user id. The forensic analyst also discovered peer-to-peer file share sharing software on a device that included deleted files that had names indicative of child pornography that were associated with the id gloryjolly. There were also chats with the defendant and other users of the software discussing child pornography and common search terms to obtain child exploitation materials. This software operates by downloading those files through use of the Internet, a facility of interstate commerce.

## III
## PENALTIES

A.    COUNT II. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum ten (10) years in prison;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $100 per count, plus an additional $5,000 special assessment for a conviction for a child exploitation offense; and
4. A term of supervised release of not less than five (5) years and up to life on supervised release. Defendant understands that failure to comply with any of the

conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5. Possible ineligibility for certain Federal benefits.

## IV

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

### SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a term of imprisonment that will be not less than 48 months and not greater than 87 months. The exact term of imprisonment within that range will be determined by the Court. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

2. ~~The parties agree defendant should be held responsible, beyond a reasonable doubt, for an amount of loss of at least $250,000, up to a loss of $550,000.~~

3. The Defendant acknowledges restitution ~~will~~ *could* be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or organization is a victim of the offense of conviction. Defendant agrees to pay and to be jointly and severally liable, with other defendants named in the Indictment, for all restitution ordered by the Court to be paid.

4. The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically

5

directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.  ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of Properties seized or forfeited in connection with this case.

C.  ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.  CRIMINAL HISTORY.

The parties have no agreement concerning criminal history.

E.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI
## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the

defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court

rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

12/6/18
Date

LESLEY A. WOODS
ASSISTANT U.S. ATTORNEY

12/6/18
Date

DAVID A. LOMBARD
DEFENDANT

12/6/2018
Date

CHAD WYTHERS
COUNSEL FOR DEFENDANT

9